## ANDERSON v. FIRST SECURITY BANK OF IDAHO NAT. ASS'N et al.

### No. 1255.

District Court, D. Idaho, E. D.

April 17, 1944.

Walter H. Anderson, of Denver, Colo., for plaintiff.

Ralph R. Breshears and Oscar W. Worthwine, both of Boise, Idaho, for defendants.

CLARK, District Judge.

Walter H. Anderson, the plaintiff in this case, filed suit in the District Court of the United States for the District of Idaho, Eastern Division, against First Security Bank of Idaho, National Association, J. L. Driscoll and Ralph R. Breshears, asking damages for alleged malicious prosecution.

Walter H. Anderson, the plaintiff, is a resident and citizen of the State of Colorado.

First Security Bank of Idaho, National Association, one of the defendants herein, is a National Banking Association organized and existing under the laws of the United States with its office and principal place of business in Boise, Idaho.

J. L. Driscoll and Ralph R. Breshears, the other defendants, are citizens and residents of the State of Idaho, residing at Boise, Idaho.

Boise, Idaho (the place of residence of the last two named defendants and the office and principal place of business of the defendant bank), is in the Southern Division of the District of Idaho.

The defendants have made a motion to dismiss the action on two grounds: First, lack of jurisdiction over the persons of the defendants. Second, improper venue.

Defendants submitted with their motion affidavits showing the facts to be that the defendants Breshears and Driscoll are residents and inhabitants of Boise, Idaho, in the southern division of the District of Idaho, and that the defendant Bank is now and ever since the 1st day of January 1941 has been a National Banking Association organized and existing under and by virtue of the laws of the United States of

938

America with its office and principal place of business in Boise, Ada County, Idaho, and that its articles of association so provides. These facts as above set forth are not disputed either by proof for argument.

The statute relied upon to support the jurisdiction of this Court is Section 94, Title 12 U.S.C.A., which reads as follows:

"Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

This statute is not in point. This is not an action or proceeding under the Chapter on Banks and Banking referred to in said section 94. The Statutes which are pertinent and controlling in this case are as follows:

Section 41(16), Title 28 U.S.C.A. "* * * And all national banking associations established under the laws of the United States shall, for the purposes of all other actions by or against them, real, personal, or mixed, and all suits in equity, be deemed citizens of the States in which they are respectively located."

Section 112, Title 28 U.S.C.A. "Civil suits; arrests in; district where brought; suits by corporate stockholders

"Except as provided in sections 113–117 of this title, no person shall be arrested in one district for trial in another, in any civil action before a district court; and except as provided in sections 113–118 of this title, no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant; except that suit by a stockholder on behalf of a corporation may be brought in any district in which suit against the defendant or defendants in said stockholders' action, other than said corporation, might have been brought by such corporation and process in such cases may be served upon such corporation in any district wherein such corporation resides or may be found."

Section 113, Title 28 U.S.C.A. "When a State contains more than one district, every suit not of a local nature, in the district court thereof, against a single defendant, inhabitant of such State, must be brought in the district where he resides; but if there are two or more defendants, residing in different districts of the State, it may be brought in either district, and a duplicate writ may be issued against the defendants, directed to the marshal of any other district in which any defendant resides."

Section 114, Title 28 U.S.C.A. "When a district contains more than one division, every suit not of a local nature against a single defendant must be brought in the division where he resides; but if there are two or more defendants residing in different divisions of the district it may be brought in either division."

█ It is well settled that a corporation is a person, even though an artificial one, and that it is an inhabitant of the State wherein it is incorporated, the same as natural persons and that there is no distinction between a national association and an association under the State laws except where the distinction is specifically made by Congress.

█ The jurisdiction of this Court, even if the case had been brought in the proper division, is dependent upon diversity of citizenship between the plaintiff and the defendants. Under the contention made by plaintiff there would be no necessity of diversity of citizenship in an action of this kind, any citizen of the State under like cause of action could take the defendants away from the place of their domicile to any division in the state for trial. Such a construction placed upon the statute would be unreasonable and certainly unjust.

A very clear interpretation of the Statutes applying to actions against National Banks is found in the opinion of District Judge Forman in the case of Anderson v. First Nat. Bank of Bradley Beach, D.C., N.J., 4 F.Supp. 335. In that case the Court held that no federal question being involved the Court was without jurisdiction, citing the case of Continental Nat. Bank v. Buford, 191 U.S. 119, at page 123, 24 S.Ct. 54, at page 55, 48 L.Ed. 119.

The Court is without jurisdiction in this case and an order will be entered dismissing the complaint.