## In re Minnie Harrison MARTIN, Debtor.

### Bankruptcy No. 2–94–01955.

United States Bankruptcy Court,
D. Connecticut.

Jan. 5, 1995.

Raymond C. Bliss, Kantor, Mickelson and Meyers, P.C., East Hartford, CT, for Ulster Sav. Bank, movant.

Richard E. Greenspan, Hartford, CT, for Minnie Harrison Martin, debtor.

Gilbert L. Rosenbaum, Chapter 13 Trustee, Hartford, CT.

*MEMORANDUM OF DECISION ON MOTION TO DISMISS CASE OR TO GRANT RELIEF FROM STAY AND OBJECTION TO CONFIRMATION OF PLAN*

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

### *ISSUE*

The dispositive question before the court is whether a prepetition default or violation of a due-on-sale mortgage clause can be "waived" through the confirmation of a Chapter 13 plan. The debtor contends that confirmation of her plan will override a mortgagee's right to enforce such clause contained in the mortgage deed covering the debtor's principal residence.

### II.

### *BACKGROUND*

On July 27, 1990, Charles Campbell (Campbell), the then owner of property located at 115 Longview Drive, Windsor, Connecticut (the property), mortgaged the property to Ulster Savings Bank (the Bank) to secure a $106,000 loan. The mortgage deed contained a clause which stated, in pertinent part: "If ... the Property ... is sold or transferred ... without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured...." Para. 17. Campbell quit-

claimed the property to Minnie Harrison Martin (the debtor), an unrelated person,[1] by deed recorded on the Windsor land records on December 5, 1990, without either notifying the Bank, seeking the Bank's written consent, or paying the secured debt.

The mortgage note became in default during 1992 due to failure of the Bank to receive the required monthly payments, and the Bank, on February 4, 1993, sent Campbell at the property address a written notice of such default, then amounting to $5,849.56, and requested curing of the default by March 10, 1993. When the unpaid installments were not received, the Bank referred the matter to its attorneys for foreclosure proceedings. After the Bank commenced a mortgage foreclosure action in state court, the debtor, on May 31, 1994, filed the present Chapter 13 petition.

The debtor's amended plan, dated November 21, 1994, proposes, *inter alia*, to reinstate the mortgage by paying the existing mortgage arrearage ($26,628.90), plus 8 percent interest, during the 60–month term of the plan. The plan provides that the Bank accept current mortgage payments outside the plan from the debtor. For the purpose of this ruling, the debtor's original plan, dated June 14, 1994, did not differ in material part from the amended plan.

The Bank, on September 15, 1994, filed a motion to dismiss the debtor's case, or, in the alternative, for relief from stay to continue its state-court foreclosure action, contending abusive filings of bankruptcy petitions by the debtor in that the present case is the fourth Chapter 13 petition filed by the debtor since March 15, 1989. The Bank also contended that the debtor's plan is unconfirmable, as the Bank did not, and will not, consent to Campbell's transfer of property to the debtor without payment in full of the mortgage debt. The Bank's motion was heard on the date set for plan confirmation, at which time the parties agreed to submit all matters on briefs.

The debtor's first response to the Bank's contentions is that the Bank waived its right to invoke the due-on-sale clause when the Bank prepetition accelerated the mortgage debt based only on the default in mortgage payments. The debtor's more significant argument is based upon Code § 1322(b)(3), which states that a plan may "provide for the curing or waiving of any default." The debtor asserts that the plan provisions requiring the Bank, in effect, to waive the default caused by the unapproved transfer by compelling the Bank to accept current mortgage payments from the debtor and to accept payments from the Chapter 13 trustee for the arrearages, are permissible under § 1322(b)(3).

## III.

### DISCUSSION

■ The debtor's initial argument that the Bank waived its right to enforce the due-on-sale clause because the Bank did not specify this clause when it accelerated the mortgage debt is not persuasive. The debtor does not assert the Bank was aware of the transfer when it sent its acceleration notice, and a party cannot waive that of which it has no knowledge. *See Hensley v. Commissioner of Transportation*, 211 Conn. 173, 178–79, 558 A.2d 971, 974 ("Waiver is the voluntary, knowing and intelligent relinquishment of a right or privilege.")

The debtor relies on the following passage from *Collier on Bankruptcy* for support of its principal argument that § 1322(b)(3) authorizes the use of a Chapter 13 plan to waive the default resulting from the unauthorized transfer:

> The need to cure or obtain the waiver of a default on a secured claim, including a claim secured only by a security interest in real estate constituting the principal residence of the debtor, often arises in these cases. Not only may there be a default on payments, but there also may be a default based on other circumstances, such as the exercise of a due on sale clause, that could be waived under [§ 1322(b)(3) ].

*Collier on Bankruptcy* ¶ 1322.07[02], at 1322–20 (15th Ed.1993) (footnote omitted). The debtor maintains that in accordance with this

---

1. A mortgage lender may not enforce its rights under a due-on-sale clause, pursuant to 12 U.S.C. § 1701j–3(d)(6), when the transferee is a child or spouse of the borrower.

interpretation, a Chapter 13 plan may waive a default arising from a due-on-sale clause, by extinguishing the mortgagee's right to exercise its option under the clause, at least while the debtor remains the owner of the property.

The court believes the debtor is wrong in her analysis. The above-quoted section goes on to state: "The plan must still pass muster under section 1325(a) in order to be assured a confirmation." *Id.* Section 1325(a) requires that a plan comply with the provisions of Chapter 13. Section 1322(b)(2) prohibits the modification of "the rights of the holders of secured claims ... in real property that is the debtor's principal residence...." As explained in *Nobelman v. American Savings Bank*, — U.S. —, — – —, 113 S.Ct. 2106, 2109–10, 124 L.Ed.2d 228, 234–35 (1993), the "rights" referred to in § 1322(b)(2) are those "reflected in the relevant mortgage instruments, which are enforceable under [state] law." The debtor has neither alleged nor shown that a due-on-sale clause is not enforceable in Connecticut. The debtor's plan, therefore, impermissibly seeks to modify the Bank's rights in violation of § 1322(b)(2). *See In re Threats,* 159 B.R. 241, 243 (Bankr.N.D.Ill. 1993). In *Threats,* debtors, who, as here, were unauthorized real property transferees, sought to use a Chapter 13 plan to defeat a secured creditor's enforcement of a due-on-sale mortgage clause. The court denied confirmation and ruled:

> [P]art of the consideration [the secured creditor] bargained for was the right to payment in full upon sale of the property and the right to ... approve any proposed assumption of the mortgage. These rights may not be modified in a Chapter 13 plan. The Bankruptcy Code allows debtors to retain certain previously held interests in property—it does not allow them to create new ones.

*Id.*

The debtor's apparent attempt to distinguish "waiver" from the thrust of the *Nobelman* holding is unavailing.

IV.

*CONCLUSION*

The court, based upon the arguments contained in the parties' briefs, does not know whether the debtor has other bases for continuing her Chapter 13 case following the rejection of her contention that the plan can override the Bank's refusal to waive its rights under the due-on-sale clause. The court, therefore, will not dismiss the case, but will deny confirmation and grant the Bank's request for modification of the automatic stay to allow its pending foreclosure action to continue in state court.

It is

SO ORDERED.

*ORDERS SUSTAINING OBJECTION TO CONFIRMATION, DENYING MOTION TO DISMISS CASE, AND MODIFYING STAY*

The motion of Ulster Savings Bank to dismiss the Chapter 13 case of Minnie Harrison Martin, the debtor, or for relief from the stay afforded by 11 U.S.C. § 362, and its objection to confirmation of the debtor's plan having come before the court, and the court having issued a Memorandum of Decision of even date herewith, in accordance therewith, it is

ORDERED, ADJUDGED AND DECREED that:

1. The objection to confirmation is sustained;

2. The motion to dismiss the case is denied;

3. The stay afforded by 11 U.S.C. § 362, be, and hereby is, modified to permit the movant to continue its pending action in the Superior Court, Judicial District of Hartford/New Britain at Hartford, to foreclose its mortgage upon the property known as 115 Longview Drive, Windsor, Connecticut.