**In re Doris M. BLACK, d/b/a Doris Black Cleaning, Debtor.**

**Bankruptcy No. 97–36078–BKC–SHF.**

United States Bankruptcy Court,
S.D. Florida.

Feb. 25, 1998.

Brad Culverhouse, Ft. Pierce, FL, for Debtor.

Robin R. Weiner, Ft. Lauderdale, FL, trustee.

### ORDER DENYING MOTION OF SUN-TRUST BANK FOR RELIEF FROM AUTOMATIC STAY

STEVEN H. FRIEDMAN, Bankruptcy Judge.

This matter came before the Court on February 17, 1998, for hearing on the motion of Suntrust Bank, South Florida, N.A. ("Suntrust"), for relief from the automatic stay. The Court granted the parties until February 23, 1998, to submit additional authority. Upon review of the parties' memoranda and for the reasons set forth below, the Court denies Suntrust's motion for relief from stay.

Vernon M. Black, Jr., the Debtor's former husband, owned real property located in Vero Beach, Florida. In 1990, Vernon Black executed and delivered a mortgage on the real property to Suntrust's successor in interest. Upon the dissolution of the Blacks' marriage in 1995, the real property was transferred to the Debtor pursuant to a property settlement agreement. In exchange, the Debtor assumed the mortgage. The Debtor and/or Vernon Black then defaulted on the mortgage and Suntrust obtained a Final Judgment of Foreclosure entered by the Circuit Court for Indian River County, Florida. Before the foreclosure sale was held, the Debtor filed bankruptcy.

Suntrust contends that it is entitled to relief from the automatic stay because there is no default which the Debtor can cure through a Chapter 13 plan. Suntrust cites to the language of the mortgage wherein it states:

> If all or any part of the property or any interest in it is sold or transferred (or if a beneficial interest in borrower is sold or transferred and borrower is not a natural person) without Lenders [sic] prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Interest.

Suntrust asserts that because it did not give consent to the transfer of the property, the full amount of the loan is due, and the Debtor thus cannot cure the mortgage. The Debtor asserts that 12 U.S.C. § 1701j–3(d) prohibits the enforcement of that provision of the mortgage. Section 1701j–3(d) states:

> With respect to a real property loan secured by a lien on residential real property containing less than five dwelling units, including a lien on stock allocated to a dwelling unit in a cooperative housing corporation, or on a residential manufactured home, a lender may not exercise its option pursuant to a due-on-sale clause upon—

> \* \* \*

> (7) a transfer resulting from a decree of a dissolution of marriage, legal separation agreement, or from an incidental property settlement agreement, by which the spouse of the borrower becomes an owner of the property.

The Debtor received the property upon the ratification by the Circuit Court of the property settlement agreement. Thus, the Debtor contends that the "due-on-sale" clause asserted by Suntrust is inapplicable. Suntrust contends that to be subject to Section 1701j–3 either the loan must be guaranteed by the federal government or Suntrust

must be a "lender" as defined in Section 1701j–3(a)(2), which defines "lender" as a person or government agency. There has been no evidence presented to show that the loan is federally insured. The Debtor asserts that Suntrust is both a "person" and a "government agency". Citing to *First Nat'l Bank of Hartford, Wis. v. City of Hartford,* 273 U.S. 548, 47 S.Ct. 462, 71 L.Ed. 767 (1927), the Debtor argues that Suntrust is an agency of the government. The issues arising in that case related to the taxation of a bank by the city of Hartford. The Court noted that "[n]ational banks are not merely private moneyed institution, but agencies of the United States." However, that case had nothing to do with the interpretation of Section 1701j–3.

The Debtor also cites to *Anderson v. First Security Bank of Idaho Nat'l Ass'n,* 54 F.Supp. 937 (D.Idaho 1944), to support her argument that Suntrust is a "person". *Anderson* dealt with jurisdiction and venue issues and whether a particular court was the proper forum for a lawsuit. The court noted that a corporation is a person for jurisdictional purposes. Once again, however, the cited case has nothing to do with the interpretation of 12 U.S.C. § 1701j–3. Had Congress intended to include private banking institutions in the definition of "lender" it would have explicitly done so and not merely stated that a "lender" was a person or government agency. Consequently, the Court determines that Section 1701j–3 is inapplicable.

However, the Court finds in favor of the Debtor on different grounds relating to this provision. When a default occurred under the mortgage, Suntrust merely foreclosed on the mortgage. There was no evidence presented that at anytime before this bankruptcy was filed did Suntrust intend to enforce the "due-on-sale" provision. There was no evidence presented that Suntrust informed the Debtor or Vernon Black that the loan was due in full upon the transfer of the property. In fact, Suntrust probably did not know of the transfer until Vernon Black filed a cross-claim against the Debtor in the foreclosure action. By then, the loan was in default and Suntrust did not need to assert another ground for relief. Because of the automatic stay, Suntrust cannot now enforce that provision.

Suntrust also contends that the Debtor was not liable under the note and mortgage and thus, could not cure the default. The Debtor contends that she became liable under the note and mortgage when Vernon Black conveyed the property to her in accordance with the Property Settlement Agreement. Although the assertion that one *is* obligated for a debt is rarely raised in a bankruptcy, the Debtor is accurate. Under Florida law, one that receives a deed from another takes it subject to an outstanding mortgage and is principally liable under the debt. *See, Alabama–Florida Co. v. Mays,* 111 Fla. 100, 149 So. 61 (1933). Just as Suntrust, when it foreclosed on the property, could have looked to the Debtor for satisfaction, the Debtor can assert that she is the one now obligated under the loan. Consequently, the Debtor may attempt to cure the default. Accordingly, it is

ORDERED that Suntrust's motion for relief from stay upon the grounds asserted is denied without prejudice to file another motion seeking relief from stay on different grounds.