**In re Robert E. HERRIN, Debtor.**

**No. 04–65488JPK.**

United States Bankruptcy Court, N.D. Indiana, Hammond Division.

April 28, 2005.

Teresa E. Dearing, Esq., Foutty & Foutty LLP, Indianapolis, IN, appeared by Seth Buitendorp, Esq., for creditor.

Lori Fisher, Esq., Law offices of Kevin M. Schmidt, Merrillville, IN, for debtor.

Julia M. Hoham, Esq., counsel for Chapter 13 Trustee Paul R. Chael, Merrillville, IN.

### ORDER DENYING MOTION FOR STAY RELIEF/ABANDONMENT

J. PHILIP KLINGEBERGER, Bankruptcy Judge.

This matter came before the Court for preliminary hearing on April 25, 2005 on the Motion for Permanent In Rem Relief From Stay and Abandonment filed by Aames Capital Corporation ("Aames") on March 25, 2005. The debtor appears by counsel Lori Fisher; Aames appears by counsel Seth Buitendorp; the Chapter 13 Trustee appears by counsel Julia M. Hoham.

The creditor's motion primarily seeks stay relief pitched toward obtaining an *in rem* injunction based upon prior serial filings made by the debtor.

A motion for stay relief is brought pursuant to 11 U.S.C. § 362(d) and may be granted if one of three grounds is established:

1. "Cause" generally under § 362(d)(1), which can cover a multitude of potential reasons for granting stay relief; or

2. That the creditor's interest in the subject property is not adequately protected. Although a sub-category of "cause" under § 362(d)(1), the Court deems this to be essentially a separate ground from "cause" generally; or

3. Pursuant to § 362(d)(2), the establishment by the creditor that the debtor does not have an equity in the property against which stay relief is sought, *and* that the property is not necessary to an effective reorganization.

■ Unlike a motion to dismiss or convert a debtor's case under 11 U.S.C. § 1307(c)—in which the requested relief will equally affect all of the debtor's creditors—a motion for stay relief under 11 U.S.C. § 362(d) is a "one on one" confrontation between the debtor and the movant creditor. What the court is asked to do in any stay relief request is to single out a specific creditor by granting that creditor an advantage that no other creditor controlled by the automatic stay has—"please, oh please let me pursue my remedies against this defaulting debtor while all of his/her/their/its other creditors remain captive to the automatic stay."

■ Many of the factual circumstances that support stay relief "for cause" under 11 U.S.C. § 362(a)(1) will equally support a motion to dismiss the debtor's case under 11 U.S.C. § 1307(c). In contrast to stay relief, a motion to dismiss the debtor's case on grounds which might equally support dismissal or stay relief works an equalization among all of the debtor's creditors affected by the debtor's alleged conduct which provides grounds for relief. In identical circumstances which justify the requested relief, a motion for stay relief—if granted—puts one creditor in an exclusive position, while a motion to dismiss—if granted—puts all creditors in the same position vis-a-vis the debtor that they respectively occupied prior to the debtor's petition.

Perhaps there is something to rewarding an alert creditor which pursues its rights as contrasted to sleeping creditors who don't. But if the basis for a pre-confirmation stay relief motion is the debtor's failure to pay the Trustee, there is a lack of egalitarianism in rewarding the diligent at the expense of the non-diligent when the same ground would support a remedy that benefits all affected by the same conduct.

■ In this contested matter, Aames seeks stay relief against the debtor's principal residence principally upon the ground that the debtor is not making payments to the Trustee. Pursuant to 11 U.S.C. § 1322(b)(5), the debtor's plan provides that both Aames' arrearage claim and current mortgage payment due to Aames are to be made by the Trustee.

Turning first to section 362(d)(2), a debtor's principal residence which the debtor's Chapter 13 plan proposes to retain is *always* necessary for the debtor's reorganization, and the only possible basis upon which a creditor may obtain stay relief under § 362(d)(2) against a Chapter 13 debtor's principal residence, assuming there is no equity in the property, is to show that the reorganization cannot be "effective".

■ Given that stay relief under section 362(d) is a one-on-one remedy, what is the lack of an "effective" ability to reorganize under § 362(d)(2) that will trigger the granting of the petitioning creditor's motion? In a case in which the debtor's plan provides for the debtor to make current payments directly to the creditor, the fact that the debtor is not doing so is potent evidence of an inability to orchestrate an "effective reorganization", and also a potent demonstration of "cause" under section 362(d)(1). However, in the context of a Chapter 13 plan which provides that all payments to a secured creditor will be made by the Trustee, when the debtor does not make those payments before the plan has been confirmed, what is there in § 362(d) that allows for the granting of the moving creditor's request that it be singled out? Quite simply, it's the "cause" and the inability to effect an "effective reorganization" *in relation to solely the petitioning creditor* that counts. In the context of a plan which provides for disbursement of current payments to a secured creditor through the Trustee, when the debtor then fails to make pre-confirmation payments sufficient to effect this plan proposal, does that circumstance in and of itself establish that *vis-a-vis the § 362(d) movant creditor* the debtor's retention of the secured creditor's collateral is not necessary to an "effective reorganization" in advance of confirmation of the debtor's plan? Of course not. Absent an order of the court, the Trustee can never disburse monies contributed by the debtor to a plan to *any* creditor in advance of confirmation of the debtor's plan [11 U.S.C. § 1326(a)(2)], even to those for which the plan provides for current payment. In the one-on-one world

of section 362(d)(2) stay relief, the creditor can only complain that the debtor cannot effect a reorganization *with respect to the movant creditor* if that creditor has the right to receive payments in advance of confirmation of the debtor's plan.[1] Until the creditor has the right to receive those pre-confirmation payments, the creditor literally has no standing to complain that the debtor has not placed himself/herself/themselves in a position to make those payments. No substantive right of the movant creditor sufficient to allow it to be "singled out" has been affected by the debtor's apparent inability to make payments to the Trustee necessary to "effect" a reorganization until the creditor actually has the right to receive the payments. Until that time, the proper remedy is a motion to dismiss/convert, because all creditors have been equally disenfranchised by the debtor's failure to comply with the terms of the proposed plan. Until the movant creditor has obtained the right to receive pre-confirmation disbursements from the Trustee, the focus must be the credo of the King's Musketeers—"All for one, and one for All." Perhaps other courts aren't as enthralled by Dumas as the author of this opinion is, but when you're here in this court in this circumstance, you have to emulate D'Artagnan and his three comrades.

■ Let's recap. In a payment through the Trustee plan, in order to succeed on a section 362(d)(2) motion, the creditor must establish its right to receive pre-confirmation payments and then establish the debtor's default in making payments to the Trustee in a manner sufficient to show that the debtor cannot effect a plan *in relation to the movant creditor* which allows the debtor to remain "current" on the obligation to the creditor under the plan.

■ Under § 362(d)(1), to use "lack of adequate protection" as the specific basis for "cause", the creditor must establish that the creditor's collateral is declining in value as a result of the imposition of the automatic stay, and that the creditor is entitled to payments for that diminution. This again requires the creditor to establish that it has the right to receive payments to cover that diminution which the debtor has not met.

■ Granting of stay relief "for cause" under § 362(d)(1) on a ground other than lack of adequate protection, in a "trustee disbursement" plan, can only be sustained for reasons other than lack of payment to the creditor if the creditor has not positioned itself with the court-approved right to receive payments. Such grounds include lack of insurance coverage for the collateral when the underlying agreement between the debtor and the creditor contractually requires the debtor to maintain that coverage; the debtor's failure to pay *ad valorem* taxes with respect to the collateral when the parties' contractual arrangement is that the debtor is to pay those taxes exclusively of payments to the creditor, i.e., not through an escrow payment included in the payment obligation to the creditor; or that the debtor is committing waste with respect to the collateral or is otherwise committing acts with respect the collateral—other than not paying the Trustee—which impair the creditor's secured interests in the collateral.

■ When the debtor fails to pay the Trustee as required pre-confirmation, the

---

1. The Court will entertain pre-confirmation disbursement motions from secured creditors for whom a plan provides that "current" payments are to be made by the Trustee, subject to the notice requirements (with notice being given to all parties in interest, each debtor, debtor's counsel, the Chapter 13 Trustee, the U.S. Trustee, and all attorneys who have separately appeared in the case) of N.D. Ind. L.B.R. B–2002–2(a)(15)/(e).

remedy of choice should be a motion to dismiss/convert under 11 U.S.C. § 1307(c)—either singular request raises both possibilities for the Court, whichever is determined to be in the best interests of creditors (*All* creditors) and the estate—rather than a motion for relief from the stay. And joy of joys there's no filing fee for a dismissal motion, as there is for a stay relief motion.

Because payments to Aames are to be made through the Trustee and the Trustee cannot disburse to creditors until plan confirmation, there is no issue under 11 U.S.C. § 362(d)(1) for "cause" generally before the Court until the creditor requests pre-confirmation distribution, obtains an order granting it, and the order is then not complied with: the debtor's failure to pay the Trustee sufficient funds to allow for the Court-ordered pre-confirmation distribution then would give rise to "cause" to grant stay relief. Under § 362(d)(1), the concept of "adequate protection" is designed to compensate a creditor for the diminution in value of its collateral caused by the imposition of the automatic stay—it is not intended to provide a mortgage holder with current mortgage payments—and it will be an extraordinarily rare case in which a creditor secured by a residence will be able to demonstrate that the value of its collateral is declining as a result of imposition of the automatic stay and its inability to exercise available remedies it may have against the collateral as a result of that imposition, and thus that the creditor is not "adequately protected". Even apart from this consideration, Aames has not positioned itself to be entitled to receive adequate protection payments from the Trustee. Finally, because Aames has not obtained the right to receive pre-confirmation payments from the Trustee, Aames cannot state a claim for relief under section 362(d)(2).

The Court does not deem a succession of prior unsuccessful bankruptcy cases to constitute "cause" for granting relief from the automatic stay. Relief from the stay under 11 U.S.C. § 362(d) is gauged by whether or not the debtor in the current case is performing his/her obligations in that case with respect to the creditor's collateral. In the Court's view, a creditor seeking to prevent a debtor's current case from blocking its access to collateral based upon prior unsuccessful bankruptcy cases must proceed with a motion to dismiss pursuant to 11 U.S.C. § 1307(c) under the principles of *In re Love*, 957 F.2d 1350 (7th Cir.1992), or must proceed with an objection to confirmation of the debtor's plan pursuant to 11 U.S.C. § 1325(a)(3) under the criteria of *Matter of Smith*, 848 F.2d 813 (7th Cir.1988), *In re Rimgale*, 669 F.2d 426 (7th Cir.1982), and *In re Smith*, 286 F.3d 461 (7th Cir.2002). In this context, the latter *In re Smith* provides that even the most egregious prepetition conduct may not preclude confirmation where other factors suggest that the plan represents a good faith effort by the debtor to satisfy his/her creditor's claims.

Finally, Aames seeks abandonment of the debtor's principal residence from the debtor's bankruptcy estate. 11 U.S.C. § 554(b) requires that the property sought to be abandoned be either "burdensome to the estate" or be "of inconsequential value and benefit to the estate." Obviously, the debtor's principal residence in this case satisfies neither criteria.

The Court finds that the foregoing motion of Aames Capital Corporation should be denied.

IT IS ORDERED that the Motion for Permanent In Rem Relief From Stay and

Abandonment filed by Aames Capital Corporation on March 25, 2005 is denied.