**In re: Isabel RAMOS, Debtor.**

**No. 06–14309–BKC–LMI.**

United States Bankruptcy Court, S.D. Florida.

Nov. 21, 2006.

Michael A. Frank, Esq., Miami, FL, for Debtor.

### ORDER DENYING MOTION FOR RELIEF FROM STAY AND GRANTING LENDER'S REQUEST FOR ADEQUATE PROTECTION

LAUREL MYERSON ISICOFF, Bankruptcy Judge.

This matter came before the Court on the Motion for Relief from Stay and/or for Adequate Protection (the "Motion") filed by Accredited Home Lenders, Inc. ("Lender"). For the reasons set forth in this Order, the Motion for Stay Relief is DENIED, however, Lender is entitled to, and the Court will grant Lender's request for, adequate protection.

### Background[1]

On or about March 24, 2005, Irma Luz Duran ("Duran") obtained a loan from Lender, secured by a home described as 7904 West Drive, Apt. 408, North Bay Village, Florida (the "Residence"). The loan is evidenced by a promissory note executed by Duran in favor of Lender in the principal amount of One Hundred Thirty Two Thousand and No/100 Dollars ($132,000.00)(the "Note"). The loan is secured by the Residence as evidenced by a mortgage dated March 24, 2005 (the "Mortgage"), which Mortgage is recorded in the public records of Miami–Dade Coun-

---

1. For purposes of this Order only the Court will accept as true the factual representations made by Lender and Debtor in their pleadings and memoranda of law.

ty, Florida. The Mortgage has a due-on-sale provision.

On March 26, 2005 Duran transferred title of the Residence to Isabel Ramos ("Debtor"), pursuant to a quit claim deed. Debtor apparently did not sign any agreement assuming Duran's obligations under the Note or Mortgage. Neither Duran nor Debtor obtained Lender's consent to the transfer.

Debtor made payments on the Note for approximately one year. When the payments stopped, Lender commenced foreclosure proceedings against the Residence, including Debtor and Duran as defendants. Lender did not include in the complaint as a default the breach of the due-on-sale clause. A final judgment of foreclosure was entered on August 9, 2006 but no foreclosure sale took place.

On September 6, 2006 Debtor filed for protection under Chapter 13 of the Bankruptcy Code. Lender promptly filed the Motion alleging that Debtor has no equity in the Residence and the Residence is not necessary for an effective reorganization, that Lender is not adequately protected, and finally that breach of the due-on-sale clause by Duran constitutes "cause" to grant relief from the automatic stay. In the Motion, Lender requests adequate protection "and would request the Court to require Debtor to reinstate Movant's Mortgage in order to provide such adequate protection" or, alternatively, Lender seeks relief from the automatic stay, presumably to conclude the foreclosure of the Residence.

At the preliminary hearing on the Motion, Lender requested the opportunity to brief the issue of why breach of the due-on-sale clause constitutes "cause" under 11 U.S.C. § 362(d)(1)[2]. Lender's memorandum of law outlined several cases in which courts have held that a debtor who is not personally liable to a mortgagee cannot use Chapter 13 of the Bankruptcy Code to cure or waive a default. Debtor filed a responsive memorandum, citing case law that holds to the contrary.

### Lender is Not Entitled to Stay Relief

■ Lender argues it is entitled to stay relief under either 11 U.S.C. § 362(d)(1) or § 362(d)(2). In determining a motion for stay relief, the burden of proof on whether there is equity in the property is on the moving party; the burden of proof as to all other issues is on the party opposing stay relief. 11 U.S.C. § 362(g).

■ In the Motion, Lender alleges Debtor does not have equity in the Residence, relying on the tax assessor's value of the Residence, which is alleged by Lender to be $103,190.00. Lender is owed approximately $140,000.00.[3] Debtor incorrectly argues that Lender never alleged there is no equity in the Residence, and, moreover, that the Residence is necessary for Debtor's effective reorganization. Debtor has scheduled the value of the Residence at $170,000.00. The amount of claims secured by the Residence is scheduled as $256,237.00 and Debtor's schedules list four mortgages encumbering the Residence. Consequently, Debtor has admitted she has no equity in the Residence.

---

**2.** This Court views Lender's request to brief this issue as a consent to hold a final hearing more than thirty (30) days after the Motion was filed. Moreover, in light of the agreement by Lender and Debtor to continue the deadline to file the memoranda while they tried to resolve the dispute amicably, this Court finds Lender further consented to ex-

tend the sixty (60) day deadline of 11 U.S.C. § 362(e)(2) until such time as this Order is final.

**3.** Lender's final judgment is in the amount $143,036.82. Debtor scheduled Lender's debt in the amount of $138,856.00.

However, the issue of equity in property for purposes of stay relief is one part of a two part test under 11 U.S.C. § 362(d)(2) which requires Lender to show that Debtor has no equity in the Residence and that the Residence is not necessary for an effective reorganization.

Debtor has asserted that the Residence is necessary for her effective reorganization, that, in fact, "the main purpose for the filing of this Chapter 13 bankruptcy was to save the homestead." While there is some debate whether, and under what circumstances, a debtor's home is necessary for an effective reorganization, most courts have held that in a Chapter 13 case, a debtor's home is necessary for an effective reorganization, see, e.g., *Grundy Nat'l Bank vs. Stiltner*, 58 B.R. 593 (W.D.Va. 1986); *In re Herrin*, 325 B.R. 774 (Bankr. N.D.Ind.2005); *Central Bank of the South v. Thomas (In re Thomas)*, 121 B.R. 94 (Bankr.N.D.Ala.1990), even if, as observed by one court, Debtor intended to sell or refinance the Residence to pay her Chapter 13 obligations. *See In re Garcia*, 276 B.R. 627 (Bankr.D.Ariz.2002). A final determination on this issue would require an evidentiary hearing. However, in light of Lender's request for adequate protection in lieu of stay relief, it is not necessary to set an evidentiary hearing on this issue.

Lender also argues it is entitled to stay relief under 11 U.S.C. § 362(d)(1) for "cause" based on the breach of the due-on-sale provision of the Mortgage. Lender has cited many cases in its memorandum that, directly or indirectly, find that the violation of the due-on-sale provision of the Mortgage may constitute "cause" for stay relief. The holdings of these cases are based on the reasoning that a debtor who is not a borrower can not cure a default under 11 U.S.C. § 1322(b)(3), that such right lies only with a borrower. *See In re Martin*, 176 B.R. 675 (Bankr.Conn.1995); *In Re Threats*, 159 B.R. 241 (Bankr.N.D.Ill.1993).

This Court is more persuaded by the cases relied upon by Debtor, primarily the case of *In re Garcia*, 276 B.R. 627. This Court finds that Judge Haines' well reasoned analysis is dictated by the Supreme Court's holding in *Johnson v. Home State Bank*, 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991), and is consistent with the position that has been taken by courts in this jurisdiction. *See e.g., In re Black*, 221 B.R. 38 (Bankr.S.D.Fla.1998); *In re Curinton*, 300 B.R. 78 (Bankr.M.D.Fla. 2003). The courts in *In re Garcia* and *In re Black* first noted that the breach of a due-on-sale clause does not constitute "cause" to grant a motion for stay relief. This Court agrees. However, the courts also addressed the issue of whether a non-borrower debtor has the ability to cure a default of a loan to which the debtor is not a party. Citing *Johnson*, Judge Haines in *In re Garcia* noted that the Supreme Court unequivocally held "the Bankruptcy Code recognizes a debtor-creditor relationship whenever a creditor holds a claim secured by the debtor's property, even if the debtor has no personal liability." 276 B.R. at 631.

However, this Court does not need to decide this issue today as the Court finds Lender has waived any objection to which it may otherwise have been entitled regarding the reinstatement and cure by Debtor of defaults under the Mortgage. Even if Lender did not waive the breach of the due-on-sale provision pre-petition as alleged by Debtor [4], Lender certainly waived any argument the Court might

---

4. This Court would need to conduct an evidentiary hearing on the issue of pre-petition waiver were it necessary to this decision.

have recognized regarding the due-on-sale issue by seeking as adequate protection Debtor's reinstatement of the Mortgage, which is inconsistent with the case law cited by Lender to the contrary. In addition, although Lender has filed an objection to Debtor's Chapter 13 plan, the objection was only as the amounts due to Lender, not the treatment of Lender's claim; Debtor's plan proposes to cure the arrearages under the Mortgage. Since Lender has not objected to this Debtor's plan to cure the defaults under the Mortgage, Lender has waived any legal argument for stay relief that Debtor could not cure the defaults.

■ Lender argues it is entitled to adequate protection which adequate protection should be reinstatement of the Mortgage. Debtor agrees that adequate protection should be in the form of "regular monthly payments, as well as payments to cure the arrearage on the mortgage." As there is no dispute on the issue of Lender's right to adequate protection or the nature of the adequate protection, the Court will grant Lender's request.

Accordingly, it is ORDERED and ADJUDGED as follows:

1. Lender's motion for stay relief is DENIED.

2. Lender's motion for adequate protection is GRANTED. The Mortgage is reinstated and Debtor is instructed to make payments to Lender as required by Chapter 13 of the Bankruptcy Code.