### In re Laura Jean LOZADA, Debtor.

### No. 3:10–bk–3273–PMG.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

March 31, 2011.

Laura Jean Lozada, pro se.

### ORDER ON MOTION FOR
### SUMMARY JUDGMENT

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider the Motion for Summary Judgment filed by HSBC Mortgage Corporation (USA).

In the Motion, HSBC seeks the entry of a summary judgment modifying the automatic stay to permit it to enforce its Final

---

Judgment of Foreclosure against certain real property located in Flagler County, Florida. The Motion should be denied.

## Background

On March 12, 2002, Mary B. Severson signed a Promissory Note in favor of HSBC in the original principal amount of $70,500.00.

On the same date, Mary B. Severson and Robbie Jean Bratcher signed a Mortgage securing payment of the Note. (Doc. 50, Exhibit B). Pursuant to the Mortgage, Mary B. Severson and Robbie Jean Bratcher granted a mortgage to HSBC on certain real property located at 1231 County Rd 13, Bunnell, Florida (the Property).

The Debtor, Laura Jean Lozada, is the daughter of Robbie Jean Bratcher.

Mary B. Severson died in 2002.

Robbie Jean Bratcher died in 2004. At the time of her death, Robbie Jean Bratcher owned and resided on the Property. Pursuant to her will, Robbie Jean Bratcher devised the Property to her husband, Ronny Dean Bratcher. (Doc. 50, Exhibit C).

Ronny Dean Bratcher died intestate in 2007. It appears that Ronny Dean Bratcher's daughter, Theresa Wiatrowski, inherited the Property upon Ronny Dean Bratcher's death. (Doc. 50, ¶ 7).

On June 1, 2007, HSBC filed a foreclosure action in the Circuit Court for Flagler County, Florida. The Debtor was not initially named as a defendant in the foreclosure action. In September of 2007, however, she filed an Answer to the foreclosure complaint, and was subsequently permitted to intervene and participate in the action.

On November 21, 2008, a Final Summary Judgment of Mortgage Foreclosure was entered by the Circuit Court. (Doc. 50, Exhibit A).

On the same date that the Foreclosure Judgment was entered, November 21, 2008, Theresa Wiatrowski signed a Quitclaim Deed transferring the Property to the Debtor.

On April 19, 2010, the Debtor filed a Motion to Reopen the probate case of Robbie Jean Bratcher. (Doc. 63, ¶ 29).

On April 20, 2010, the Debtor filed a petition under Chapter 13 of the Bankruptcy Code. On her petition, the Debtor listed her street address as 1230 County Rd 13, Bunnell, Florida. The Debtor also listed the property located at 1230 County Road 13 on her schedule of real property, and described her interest in the property as "homestead/owner." (Doc. 14). The parties have treated the Property scheduled by the Debtor (1230 County Road) as the same Property that is described in HSBC's mortgage (1231 County Road).

On July 23, 2010, after the bankruptcy petition was filed, the Debtor filed a Motion to vacate three Orders that had been entered in her mother's probate case. (Doc. 63, ¶ 29). Although the Motion and Orders are not in the record, it appears that the Debtor sought to expunge her mother's will and to invalidate the devise of the Property to Ronny Dean Bratcher.

According to the Debtor, the Court in the probate case subsequently "vacated the order admitting the claimed will of [her] mother in September 2006 as well as the vesting of the property (currently before this Court) to Ronny Dean Bratcher, but leaving the homestead status of the property affirmed." (Doc. 99, ¶ 2).

## Discussion

The Debtor contends that she is the owner of the Property, that she resides on the Property, and that the Property is her homestead. (Doc. 63, ¶¶ 24, 25). Consequently, the Debtor asserts that she is entitled to deal with the Property in her

bankruptcy case, and that HSBC should not be permitted to conclude its foreclosure action in state court.

HSBC contends, on the other hand, that the Quitclaim Deed from Theresa Wiatrowski to the Debtor constituted an unauthorized transfer of the Property, and that the transfer violated the "due on sale" clause of the Mortgage. According to HSBC, therefore, it is entitled to payment of its claim in full, and the Debtor cannot cure the arrearage and reinstate the Mortgage in her Chapter 13 case. (Doc. 67). Consequently, HSBC seeks relief from the automatic stay to exercise its rights against the Property. (Doc. 50).

HSBC's Motion for relief from the stay should be denied.

HSBC acknowledges that the Debtor is the owner of the Property. It concedes, for example, that the Debtor "owns the property by virtue of the valid quitclaim deed" from Theresa Wiatrowski and that the "quitclaim deed that gives [the Debtor] her ownership interest is valid." (Doc. 67, pp. 4, 10).

HSBC holds a mortgage on the Property owned by the Debtor. Consequently, the Debtor may address HSBC's claim in her Chapter 13 case, even though the Debtor did not sign the Promissory Note and Mortgage that created the debt.

The Supreme Court in *Johnson* has told us that a debtor can include a claim in a Chapter 13 plan, even when the debtor is not personally liable for the underlying debt. Recall that under *Johnson*, a creditor need not hold a personal claim against a debtor for a creditor's claim to be included in the debtor's bankruptcy estate; it is sufficient that a debtor owns property against which a creditor holds a lien for that property to be included in the debtor's bankruptcy estate. Also, as *Johnson* acknowledged, the statutory language of §§ 101(5), 502(b)(1), and 102(2) of the Bankruptcy Code plainly indicates that a claim against property held by a debtor is sufficient to constitute a claim within a Chapter 13 setting.

*In re Curinton*, 300 B.R. 78, 84–85 (Bankr. M.D.Fla.2003) (citing *Johnson v. Home State Bank*, 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991)). Since a debtor "can include an *in rem* claim in a Chapter 13 plan," the Court in *Curinton* denied the creditor's motion for relief from the automatic stay. *In re Curinton*, 300 B.R. at 86.

In *In re Cady*, 440 B.R. 16 (Bankr. N.D.N.Y.2010), the Court recently reached the same conclusion. In that case, the Court found that property transferred from the borrower to the debtor without the lender's consent was "property of the estate and that liens encumbering the Property are claims against the estate which the Debtor may address in her chapter 12 plan." *In re Cady*, 440 B.R. at 23.

Additionally, courts have found that a debtor may provide for a secured claim in a chapter 13 plan, even if the debtor acquired the property securing the claim in violation of a due on sale clause contained in the mortgage. In *In re Ramos*, 357 B.R. 669 (Bankr.S.D.Fla.2006), for example, the borrower had transferred residential property to the debtor pursuant to a quitclaim deed without first obtaining the lender's consent to the transfer. The debtor later filed a petition under Chapter 13 of the Bankruptcy Code, and the lender filed a motion for relief from the automatic stay in the bankruptcy case. The Court found that "the breach of a due-on-sale clause does not constitute 'cause' to grant a motion for stay relief," and denied the lender's motion. *In re Ramos*, 357 B.R. at 672. See also *In re Davis*, 2010 WL 5173187, at *3 (Bankr.D.S.C.) (The "viola-

tion of a due on sale clause does not conclusively establish that the moving party is entitled to stay relief").

In this case, HSBC acknowledges that the Debtor acquired an ownership interest in the Property by virtue of the Quitclaim Deed from Theresa Wiatrowski. Since the Debtor owns the Property that is encumbered by HSBC's lien, the Debtor may address the lien in her Chapter 13 case. HSBC is not entitled to relief from the stay, even if the Debtor acquired the Property in violation of a "due on sale" clause in the mortgage.

Further, the particular circumstances of this case also warrant the denial of HSBC's Motion. Specifically, the Debtor asserts a claim to the Property that is independent of the transfer from Theresa Wiatrowski.

The Debtor claims that she owns the Property not only because of the Quitclaim Deed, but also because she is the rightful heir to the Property from her mother, Robbie Jean Bratcher. According to the Debtor, Robbie Jean Bratcher's intent was to leave the Property to her children, including the Debtor, with only a life estate reserved for her husband, Ronny Dean Bratcher. (Doc. 63, ¶ 35). The Debtor's mother died in 2004. The Debtor contends that the probate court erroneously accepted a will that devised fee ownership of the Property to Robbie Jean Bratcher's husband, Ronny Dean Bratcher. The day before the bankruptcy petition was filed, the Debtor filed a motion to reopen Robbie Jean Bratcher's probate case, and has sought to invalidate the devise to Ronny Dean Bratcher. According to the Debtor, the probate court has determined that the devise to Ronny Dean Bratcher may be set aside.

Depending on the outcome of her litigation in the probate case, the Debtor's ownership interest in the Property may have vested as a result of her mother's death in 2004. As the Property's owner by inheritance, independent of the later transfer by Quitclaim Deed, the Debtor contends that she may provide for HSBC's claim in her Chapter 13 plan.

### Conclusion

HSBC's motion for relief from the automatic stay should be denied. HSBC acknowledges that the Debtor owns the Property that is encumbered by its lien, and the Debtor may therefore deal with the lien in her Chapter 13 case.

The Debtor asserts that she acquired the Property by inheritance from her mother in 2004. HSBC claims that she obtained title to the Property by virtue of a Quitclaim Deed in 2008. Since the Debtor owns the Property that is subject to HSBC's lien, she may deal with HSBC's claim in her bankruptcy case, even if she is not personally obligated for the underlying debt, and even if the Quitclaim Deed violated a due on sale clause in the mortgage.

Accordingly:

**IT IS ORDERED** that the Motion for Summary Judgment and the Motion for Relief from Stay filed by HSBC Mortgage Corporation (USA) are denied, without prejudice to HSBC's right to file a Renewed Motion for Relief from Stay if appropriate.